**In re GEORGE RODMAN, INC., Debtor.**

**Bankruptcy No. 82–2132–A.**

United States Bankruptcy Court, W.D. Oklahoma.

July 8, 1985.

Thomas J. Kenan, Oklahoma City, Okl., Trustee.

Melanie Parks Kierig, Oklahoma City, Okl., for Oklahoma Tax Comn.

Scott Sublett of Edwards, Roberts & Propester, Oklahoma City, Okl., for FDIC.

William L. Peterson, Oklahoma City, Okl., for Committee of Royalty Owner Creditors.

### MEMORANDUM DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

The trustee's motion raises questions concerning disposition of property owing to entities which cannot be located. Under a confirmed Chapter 11 plan, he owes payment to lessors under assumed executory contracts and to certain other parties. After diligent efforts he is unable to locate some of these entities and they are owed approximately $120,000.

The issues are whether their distribution should be made to holders of unsecured claims under the confirmed plan which does not specifically deal with unclaimed property, to the debtor or the entity which acquired its assets under 11 U.S.C. § 347(b), or to the State of Oklahoma under the Oklahoma Uniform Disposition of Unclaimed Property Act. 60 Okla.Stat. §§ 651–686 (1981).

The trustee argues the unclaimed funds ought to be distributed to the known hold-

ers of unsecured claims and he is joined in this position by the Federal Deposit Insurance Corporation which holds an unsecured claim. The State argues the funds ought to be deposited with it under the Uniform Act, and it is joined by the Committee of Royalty Owner Creditors. Analysis of the Bankruptcy Code shows, however, that neither of these positions control, and that the provisions of the Code must be followed.

11 U.S.C. §§ 1143 and 347(b) set in place a means for dealing with unclaimed property which does not allow for any alternative scheme.

Section 1143 states that if some act is required in order to participate in distribution that act must be taken not later than five years from confirmation, or the affected entity may not participate. Section 347(b) then says that in a case under Chapter 11 the barred entity's share becomes the property of the debtor or of the entity which acquired the debtor's assets under the plan, "as the case may be."

The argument is first made that presenting one's self and cashing a check is not "the performance of any other act as a condition to participation ..." as that language is used in both sections and, therefore, they are inapplicable. That construction, however, is not within a reasoned interpretation of the Code nor does it comply with the stated congressional intent.[1] *See* 2 *Collier on Bankruptcy* ¶ 347.04, at 347–15 (15th ed. 1983).

The logic is that a period of time not to exceed five years from the order of confirmation be fixed for an entity to present itself and cash the check. If that requirement is unfulfilled unclaimed property is then distributed as required by § 347(b). Since no period has been fixed in this case, by implication the trustee holds the funds for the maximum period and then follows the requirements of § 347(b).

The State argues that the Supremacy Clause of the United States Constitution, U.S.Const. art. VI, cl. 2 does not apply for Congress has not legislated in the area and thus the Oklahoma Uniform Disposition of Unclaimed Property Act governs distribution. For its argument the State relies upon *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). That decision does not support the position. On one hand it says that "the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Rice* at 230. By the Constitution itself Congress is empowered to enact "uniform Laws on the subject of Bankruptcies throughout the United States ..." U.S. Const. art. I, § 8, cl. 4. And, on the other hand, "[t]he test ... is whether the matter on which the State asserts the right to act is in any way regulated by the Federal Act. If it is, the federal scheme prevails though it is a more modest, less pervasive regulatory plan than that of the State." *Rice* at 236, 67 S.Ct. at 1155. Bankruptcy is a field of exclusive federal interest and the Bankruptcy Code regulates distribution of unclaimed property.

The trustee thus holds the funds until expiration of the bar date and then distributes them under § 347(b) to the debtor or the entity which acquired the debtor's assets, "as the case may be." Since there is an entity which has acquired the debtor's assets in this case any unclaimed funds must be distributed to it at the appropriate time.

The foregoing constitutes the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and the order on the trustee's motion.

---

1. Both the Senate and House reports contain identical language referring to § 347(b) which says "[c]onditions to participation under a plan include such acts as cashing a check, surrendering securities for cancellation, and so on." H.R. Rep. No. 595, 95th Cong., 1st Sess. 337 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 47, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5833, 6293.