**In re STERLING FINANCIAL SERVICES OF FLORIDA–1, INC., Debtor.**

No. 8:02–bk–12791–KRM.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 24, 2007.

Scott A. Stichter, Stichter, Riedel, Blain & Prosser, Rod Anderson, Holland & Knight LLP, Tampa, FL, for Debtor.

Noel R Boeke, Holland & Knight, LLP, Tampa, FL, for trustee.

*MEMORANDUM OPINION ON COMPETING MOTIONS FOR PAYMENT OF FUNDS HELD IN COURT REGISTRY*

K. RODNEY MAY, Bankruptcy Judge.

This Chapter 11 case is before the court on competing claims to some $22,176.75 deposited into the registry of the court ("Registry Funds") after "final" distributions were made by the liquidation trustee in 2004. The Registry Funds represent the sum of uncashed distribution checks alleged to have been issued to four claimants (the "Remaining Claimants").[1]

The debtor argues that the Remaining Claimants have forfeited their rights to any distribution by failing to cash their checks within the 90–day period required by Section 9.3.2 of the confirmed Chapter 11 plan. Two of the Remaining Claimants have come forward to assert claims for their respective shares of the Registry Funds. For the reasons stated below, the Court will direct the release of $20,220.45 to the two creditors who have asserted their claims.

*BACKGROUND*

The debtor filed a voluntary petition for relief under Chapter 11 on June 28, 2002. A plan of liquidation was confirmed on May 16, 2003. The confirmation order established a liquidation trust fund; Andrea Bauman ("the Liquidation Trustee") was appointed to administer it. On or about May 19, 2004, the Liquidation Trustee made an initial distribution to unsecured creditors of about $3,000,000.

The Liquidation Trustee later sought authority to make a final distribution of some $700,000 remaining in the Trust (Document No. 208) (the "Final Distribution Motion"). Paragraph 7 of the Final Distribution Motion proposed that if a claim holder failed to negotiate the final distribution check within 90 days, the check would be deemed unclaimed and deposited into the registry of the court. This

---

1. The Remaining Claimants identified by the debtor on Exhibit A to its pending Motion: Hilda Delaney-$1,770.57; Robert Blazek-$185.73; Nell C. Hailey-$15,541.92; and Marcia Rosenthal-$4,678.53. To date, only Hailey and Rosenthal have asserted claims to the Registry Funds.

final distribution procedure differed from the claim forfeiture provision (Section 9.3.2) in the debtor's confirmed plan, which states:

> If the Holder of an Allowed Claim fails to negotiate a check issued to such Holder within ninety (90) days of the date such check was issued, *then the Reorganized Debtor, shall provide written notice to such Holder stating that unless such Holder negotiates such check within thirty (30) days of the date of such notice, the amount of Cash attributable to such check shall be deemed to be unclaimed,* such Holder's Claim shall no longer be deemed to be Allowed, and such Holder shall be deemed to have no further Claim in respect of such Check and shall not participate in any further distributions under the Plan. (Emphasis added).

The Liquidating Trustee also requested authority to destroy the debtor's business records and close the case. The Court granted the Final Distribution Motion (Document No. 213), without specifically ruling on the proposed claim forfeiture procedure.[2] In due course, the Liquidation Trustee sent "final" distribution checks to claimants and, later, deposited the amount of four uncashed checks, $22,176.75, into the court registry.

A Final Decree was entered on December 10, 2004, with service only to those entities participating in electronic noticing. No further record activity occurred in this case until November 13, 2006, when the debtor filed its motion for return of the "unclaimed" Registry Funds (Document No. 219).

The next day, The Financial Resources Group, Inc., as the attorney-in-fact for a creditor residing in Israel, Marcia Rosen-thal ("Rosenthal"), filed a motion claiming $4,678.53 of the Registry Funds (Document No. 218). On January 3, 2007, Lewis Hailey, as executor of the estate of Nell C. Hailey ("Hailey"), filed a motion claiming $15,541.92 of the Registry Funds (Document No. 225).

It is not disputed that Rosenthal and Hailey were creditors in the case or that they were entitled to final distributions in the respective amounts stated. Both Rosenthal and Hailey acknowledge that the addresses that would have been used by the Liquidation Trustee in making the final distribution were correct; but, each maintains that they never received their final distribution checks or any notice that the checks had been issued.[3]

At a preliminary hearing on January 11, 2007, the Court continued the matter to give the parties time to file briefs or statements of case law in support of their respective positions. Thereafter, the Court erroneously entered an order granting Hailey's motion (Document No. 230) and the debtor moved for reconsideration (Document No. 234).

## DISCUSSION

 In general, there is a five-year window for a person to claim funds on deposit for distribution pursuant to a Chapter 11 plan. Bankruptcy Code Section 1143 provides:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity that has not within such time presented

---

2. This order was not served on all creditors.

3. It is conceded that Rosenthal and Hailey cashed the checks issued to them in the initial distribution.

or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

After plan proceeds are deposited into the registry of court, Section 2042 of Title 28 applies:

No money deposited under section 2041 of this title shall be withdrawn except by order of court.

In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

The debtor argues that the structure of these statutory provisions—giving parties up to five years to claim their distributions or the funds will escheat to the United States—is modified by Bankruptcy Code Section 347(b), which provides:

Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

The debtor further argues that because Rosenthal and Hailey failed to timely negotiate their final distribution checks, they are barred from making any claim to the Registry Funds; thus, the corresponding amounts are deemed to be "unclaimed" by the plan's forfeiture provision. Since the Registry Funds are deemed by the plan's forfeiture provision to be "unclaimed," the debtor argues that it need not wait out the five-year period before having the funds released to it.

There is no controlling precedent and the cases cited do not compel the result urged by the debtor. Three of those cases are "redistribution" cases, in which the courts declined to fashion an equitable redistribution of funds remaining unclaimed after five years. See *In re TLI, Inc.*, 213 B.R. 946 (N.D.Tex.1997); *In re Goldblatt Bros., Inc.*, 132 B.R. 736 (Bankr.N.D.Ill. 1991); and *In re George Rodman*, 50 B.R. 313 (Bankr.W.D.Okl.1985).

In *Rodman*, the trustee was holding about $120,000 owed to certain creditors who, after diligent efforts, could not be located. The Chapter 11 plan made no provision for the redistribution of unclaimed funds and the trustee sought authority for an equitable redistribution of the $120,000 to the other, known creditors. The bankruptcy court held that: (1) Section 347(b) provides only one procedure—after five years, any unclaimed funds must go to the debtor or the entity which acquired the debtor's assets;. and (2) in the absence of any other shorter period of time being fixed, by the plan or court order, the trustee must continue to hold the funds for the duration of the five-year period. 50 B.R. at 314.

In *Goldblatt Bros.*, the creditors' committee was holding funds under a plan that had been confirmed eight years earlier. The committee sought to make a final distribution to creditors and then return to the debtor any portion of the funds that

remained unclaimed (as a result of uncashed or undeliverable checks). One of the creditors objected, arguing that any unclaimed funds should be redistributed to other, known creditors. Citing *Rodman,* the court concluded that Section 347(b) establishes a brightline rule that "unclaimed" funds are automatically to be returned to the debtor; thus, the court lacked discretion to authorize an alternative distribution procedure. 132 B.R. at 738–39.

In *TLI,* the bankruptcy trustee deposited funds into the registry of the court, representing the amount of checks which had remained uncashed for a period of five years following confirmation of the debtor's Chapter 11 plan. 213 B.R. at 948–49. The debtor argued that the funds were "unclaimed" and automatically vested in the debtor upon expiration of the five-year period. *Id.* at 949. The Bankruptcy Court ruled otherwise, directing that the unclaimed funds be distributed first to pay administrative expenses and then escheat to the United States. *Id.* The District Court reversed, holding that once the unclaimed funds were transferred into the court registry, they were no longer part of the "claims fund" established by the plan. Thus, Section 347(b) of the Bankruptcy Code, not the plan, governed the rights of claimants to the registry funds. *Id.* at 951.

None of the foregoing cases decided the issue before this court—whether known creditors are rendered ineligible from making claims *within* the five-year period solely by operation of a plan provision which purports to bar their claims for their failure to timely cash distribution checks. More instructive is *In re IBIS Corporation,* 272 B.R. 883 (Bankr.E.D.Va.2001).

In *IBIS,* the Chapter 11 debtor sought the return of funds in the court registry more than five years after plan confirmation. Some of the funds were from uncashed distribution checks or from checks that were returned as undeliverable; but, there was no evidence that the trustee had made a good faith search for the creditors. The trustee also had set aside funds to pay disputed claims, but neither the trustee nor the creditors had resolved the disputes before the funds were deposited with the court. 272 B.R. at 894. The court concluded that if funds are truly unclaimed and five years have elapsed after confirmation, then Section 347(b) would require that the funds go back to the debtor; but, the court was unable to conclude that all of the funds in the court registry were, in fact, "unclaimed."

> Funds are unclaimed when the disbursement agent, which may be the reorganized debtor, has done everything he is required to do to distribute the funds, reasonable notice of the availability of the funds has been given to the intended recipient and the intended recipient has done nothing for a period of time sufficient to evince a lack of interest in the funds or an abandonment of his right to the funds.

*Id.* at 890.

In the instant case, the five-year period following plan confirmation will not expire until May 16, 2008. Two of the four Remaining Claimants have come forward to demand payment. But for operation of the plan's forfeiture provision, their entitlement is conceded.

The confirmed plan's claim forfeiture provision established a two-step process: the claimant's failure to negotiate the final distribution check within 90 days of issuance, and the failure to negotiate the check within an additional 30 days after the reorganized debtor has given specific notice of the prospective forfeiture. Both Rosenthal and Hailey deny ever receiving their final distribution checks or any notice that final distributions had been made. The

debtor has not offered any evidence that these claimants were given the second 30-day notice required for forfeiture; the debtor has acknowledged that such proof would be difficult since the debtor's records have been destroyed.

Further, the Court draws inference, from Paragraph 7 of the Final Distribution Motion, that the Liquidating Trustee did not give a second 30-day notice in compliance with the plan's forfeiture provision. The Final Distribution Motion did not request modification of the plan's claim forfeiture procedure, and the Final Distribution Order does not address or otherwise modify the claim forfeiture provision set forth in Section 9.3.2 of the confirmed plan.[4]

Based on the foregoing, the court is unpersuaded that claim forfeiture has occurred pursuant to the terms of the confirmed plan. Therefore, on the present record, the Court is unable to conclude that the Registry Funds are unclaimed. Accordingly, the Registry Funds—to use a double negative—are not "unclaimed." Since the plain language of Section 1143 allows a creditor to make a claim to the Registry Funds within five years of confirmation, the Remaining Claimants have until May 16, 2008 to make such a claim. The claims of Rosenthal and Hailey are timely filed. Accordingly, it is:

ORDERED:

1. The debtor's Motion for Reconsideration of Order Approving Application of Payment of Unclaimed Funds (Document No. 234) is granted. The erroneously entered Order Granting Motion for Payment of Unclaimed Funds (Document No. 230) is vacated.

2. The Motion for Payment of Unclaimed Funds filed by Charlene J. Keys, d/b/a Keys Research on behalf of Lewis Hailey for the Estate of Nell Hailey (Document No. 225) is granted. The Clerk of Court for the United States Bankruptcy Court shall cause funds in the registry of the court to be paid as follows: $15,541.92 to the order of Lewis Hailey for the Estate of Nell Hailey, to be mailed in care of Charlene J. Keys, d/b/a Keys Research, 23630 SE 440th Street, Enumclaw, Washington 8022.

3. The Motion for Payment of Unclaimed Funds (Document No. 218) filed by The Financial Resources Group, Inc., on behalf of Marcia Rosenthal is granted. The Clerk of Court for the United States Bankruptcy Court shall cause funds in the registry of the court to be paid as follows: $4,678.53, to the order of Marcia Rosenthal, to be mailed in care of The Financial Resources Group, Inc., 700 Mechem Dr., Suite 8B, Ruidoso, New Mexico 8345.

4. The Motion for Return of Unclaimed Distributions to Debtor (Document No. 219) is denied without prejudice to the debtor to seek withdrawal of unclaimed monies pursuant to 28 U.S.C. § 2042 after May 16, 2008.

DONE and ORDERED.

4. In an effort to conserve estate resources, service to claimants of the Final Distribution

Order was limited to those requesting a copy.